1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOSAN MARDIROSSIAN, an individual, JUAN OLIVA, an individual, and JUAN SALAS, an individual,<br><br>                    Plaintiffs,<br><br>         v.<br><br>SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; SEARS, ROEBUCK AND COMPANY, a New York Corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:12-cv-08161-JAK-SS<br><br>**[PROPOSED] ORDER REGARDING USE OF CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER**<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]] |

1  Plaintiffs Sosan Mardirossian, Juan Oliva, and Juan Salas (collectively
2  "Plaintiffs") and Defendants Sears Holdings Management Corporation and Sears,
3  Roebuck and Co. ("Defendants") (collectively the "Parties"), by and through their
4  attorneys, by and through their attorneys, pursuant to Federal Rule of Civil
5  Procedure 26, 37 and 79, agree and stipulate that a Protective Order preserving the
6  confidentiality of Confidential Material should be entered by the Court.

7  As such, good cause appearing, the Court hereby approves and enters this
8  Protective Order relating to the use of private and confidential information,
9  stipulated, consented to and agreed by the Stipulating parties through their
10  respective counsel of record:

11  1.  **GOOD CAUSE STATEMENT:**  The Parties acknowledge and agree
12  that the prosecution and defense of this action is likely to require the exchange of
13  Confidential Material (as that term is defined below) the public disclosure of which
14  would cause irreparable harm to the Stipulating Parties.  This Confidential Material
15  includes, but is not limited to, documents or information that contain or reflect
16  specific confidential, sensitive or personal information such as information related
17  to Defendants' internal operations including personnel files and other personnel-
18  related information; trade secrets; research and development information; financial
19  information including budgets, sales, profits, costs, margins, product pricing,
20  accounting information, non-public information related to financial condition or
21  performance, income or other non-public tax information; past, current and future
22  market and business analyses, development, plans, strategies, forecasts and
23  competition; and any other records that contain specific confidential, proprietary,
24  sensitive or personal information.  The Stipulating Parties agree that public
25  disclosure of Confidential Material may implicate former and current employees'
26  right of privacy by disclosing their private personnel and financial data.  In
27  addition, public disclosure of Confidential Material may also cause financial harm
28  and injury to Defendants' ability to compete in the marketplace by disclosing trade

secret, proprietary and commercial information that is not otherwise available to the public.  Defendants treat their Confidential Information in a confidential manner and have policies in place to limit the disclosure of this information.

2. The Parties and their counsel recognize that discovery in this case may encompass the production of documents, oral testimony, written responses to discovery requests, and other disclosure of information that may contain confidential, proprietary, sensitive, and personal information of a non-public nature (hereinafter referred to as "Confidential Material").  Confidential Material includes, but is not limited to, documents or information that contain or reflect specific confidential, sensitive or personal information such as information related to Defendants' internal operations including personnel files and other personnel-related information; trade secrets; research and development information; financial information including budgets, sales, profits, costs, margins, product pricing, accounting information, non-public information related to financial condition or performance, income or other non-public tax information; past, current and future market and business analyses, development, plans, strategies, forecasts and competition; and any other records that contain specific confidential, proprietary, sensitive or personal information.

3. Any Party may designate Confidential Material as such as set forth in Paragraph 8, and Confidential Material may only be disclosed to the Qualified Persons listed in Paragraph 5 of this Order.  The entry of this Protective Order shall not be construed as a waiver of any right to assert a defense or objection, including but not limited to, an objecting to furnishing of information in response to a request for discovery.

4. All information or documents designated as Confidential Material in accordance with this Order shall be used only for the purpose of prosecuting and defending this lawsuit (including any appeals) and all information or documents designated as Confidential Material shall not be used for any other litigation or

1  publication or release to the media, or for any other purpose whatsoever.  All
2  information designated as Confidential Material in accordance with this Protective
3  Order shall not be given, shown, divulged, made available, or communicated in any
4  way to anyone except to those persons designated in this Protective Order to whom
5  it is necessary that such documents or information be given, shown, made available,
6  or communicated for purposes permitted under this Paragraph.

7       5.    The persons other than the Court and the Court's reporter, clerk, and
8  Court staff having access to Confidential Material ("Qualified Persons") shall be
9  limited to the following:

10      (a)    Retained and corporate attorneys for the Parties, including
11     members, associates and employees of such counsel or their
12     firms for purposes of the prosecution or defense of this
13     litigation;
14      (b)    The Parties to this action and their principals, employees,
15     representatives and agents charged with responsibility for the
16     prosecution and defense of the litigation, provided that access is
17     given only for that purpose;
18      (c)    Outside experts retained or consulted by any Party only for the
19     purpose of the prosecution or defense of this litigation, and
20     employees of such persons, provided such person has read a
21     copy of this Protective Order and signed a copy of the Consent
22     to be bound by Protective Order  attached as Exhibit A;
23      (d)    Potential witnesses in any deposition or testimonial Court
24     proceeding in this litigation, solely for the purpose of the
25     prosecution or defense of this litigation, provided such person
26     has read a copy of this Protective Order and signed a copy of the
27     Consent to be bound by Protective Order  attached as Exhibit A;
28     and

1            (e)    Mediators, provided such person has read a copy of this
2                     Protective Order and signed a copy of the Consent to be bound
3                     by Protective Order attached as Exhibit A.
4  No person shall make any disclosure of Confidential Material to any person falling
5  within categories (c), (d) or (e) above without first obtaining from any such person
6  a signed statement in the form attached hereto as Exhibit A.  Either Party may
7  request of the other, a copy (if any) of said signed statement(s) to counsel.  Subject
8  to applicable privileges, the other Party must promptly comply with such a request
9  by providing copies of the signed statement(s) within five (5) business days of such
10 a request.  If a Party objects to the disclosure of information to a particular person,
11 the Party objecting to such disclosure shall have five (5) business days to move the
12 Court for a protective order barring such disclosure and no such disclosure shall be
13 made until further order of the Court.
14       6.    All persons to whom Confidential Material is disclosed shall treat that
15 information as confidential and shall take reasonable precautions to secure the
16 Confidential Material and prevent unauthorized disclosure.  Any copies of
17 Confidential Material may only be re-produced for the necessary purposes in this
18 litigation, shall be subject to the provisions of this Protective Order, and shall not be
19 given to persons other than those permitted access by this Protective Order.
20       7.    If a Party desires to file with the Court any documents, pleadings,
21 motions, transcripts, or other papers containing or disclosing information
22 designated as Confidential Material by another Party, the filing Party shall first
23 apply to the Court to file such Confidential Material under seal consistent with
24 Local Rule 79-5 and the Court's orders.  Nothing in this Protective Order shall
25 preclude any Party from using Confidential Information at the trial of this litigation;
26 provided that all Confidential Material admitted into evidence at trial and all related
27 testimony at trial shall be introduced under seal and shall remain under seal
28 pursuant to the Court's orders.

8. Confidential Material produced by either Party shall be clearly marked "CONFIDENTIAL." Counsel may also designate deposition testimony provided in connection with this proceeding as Confidential Material either at the time such testimony is taken, or within ten (10) days after receipt of the transcript of such testimony. The failure to designate information or items does not waive the right to later designate Confidential Material, and upon discovery of an inadvertent or otherwise non-designation, the producing Party will immediately notify the receiving Party (in writing) and the information, document or material identified will be treated as if it has been originally designated as Confidential Information and will be subject to the terms of this Protective Order. If it comes to a Party's attention that information or documents designated as Confidential Material do not qualify for protection, all Parties should be promptly notified.

9. In the event any Party having possession, custody or control of any information which has been produced and designated Confidential Material receives a subpoena, other process or order to produce such information in a civil action, proceeding, or investigation other than this case, the Party in possession of the Confidential Material shall (a) notify the attorneys of record of the producing Party; (b) provide their attorneys of record with a copy of the subpoena, process or order; and (c) reasonably cooperate in maintaining the Confidential Material as required by this Order by: (i) not disclosing any Confidential Material in response to the subpoena, process or order during the time period from which the request for Confidential Material is received and provided to the producing Party's attorneys until any objection to production of the material must be filed by the producing Party; and (ii) if an objection is filed by the disclosing Party, not produce or disclose any Confidential Material until the objection is ruled upon by the appropriate court, agency, or tribunal.

10. Upon final termination of this action, whether by settlement, dismissal or other disposition (including any appeals), all originals and copies of Confidential

1  Material in the possession of a Party, counsel, or other Qualified Person to whom
2  Confidential Material has been disclosed, shall be destroyed or, upon the request of
3  the producing Party, returned at the producing Party's expense.
4        11.    In the event of a dispute whether designated Confidential Material
5  qualifies as such under this Protective Order, counsel for the Parties shall meet and
6  confer consistent with Local Rule 37.  If the Parties do not resolve the dispute, the
7  objecting Party may move the Court for an order releasing the material from the
8  designation as Confidential Material consistent with Local Rule 37 and standing
9  orders for resolving discovery disputes.   The designated Confidential Material will
10 remain subject to the protections of this Order until the dispute is resolved by the
11 Parties or ruled on by the Court.
12       12.    Pursuant  to Federal Rule of Evidence 502, the producing Party shall
13 have the right to "claw back" (*i.e.*, have returned from the receiving Party) any
14 information disclosed in connection with the litigation of this case which contain
15 information protected by the attorney-client privilege, attorney work product
16 doctrine, and any other applicable privilege or immunity ("Disclosed Protected
17 Information").  The disclosure of any Disclosed Protected Information shall not be
18 deemed a waiver or forfeiture of any claim of privilege that the producing Party
19 would be entitled to assert with respect to the Disclosed Protected Information and
20 its subject matter.  The producing Party must exercise its rights under this
21 Paragraph by providing a written notice to the receiving Party that the producing
22 Party is invoking its right to claw back such documents and identifying the
23 documents to be returned.  Upon receipt of such written notice, the receiving Party
24 shall immediately cease any use, whatsoever, of such documents.  Within ten (10)
25 days of receiving such written notice, the receiving Party shall either (1) provide to
26 the producing Party a written confirmation that all Disclosed Protected Information
27 has been returned or destroyed, or (2) move to compel the production of Disclosed
28 Protected Information consistent with Local Rule 37.  Any such motion may not

1 assert as a ground for entering such an order the fact or circumstances of the
2 disclosure.  Nothing in this Paragraph limits the right of any Party to petition the
3 Court for *in camera* review of the documents as issue in such a motion.

4     13.    This Protective Order is without prejudice to the right of any Party to
5 seek relief from or modification of any provision contained herein by agreement of
6 the Parties or by motion to the Court.

7     14.    Any non-party who is producing discovery materials in this litigation
8 may obtain the benefits of the terms and protections of this Agreed Protective Order
9 by designating pursuant to the terms of this Agreed Protective Order as
10 "CONFIDENTIAL" the discovery materials that the non-party is producing.

11     15.    Nothing herein constitutes or may be interpreted as a waiver by any
12 Party of the protections afforded under the attorney-client privilege or the attorney
13 work product doctrine.

14     IT IS SO ORDERED:

16 Dated:  February 26 _____, 2013
17                     _____/s/_____
                                 United States Magistrate Judge

# EXHIBIT A

# CERTIFICATION

I, _____, hereby acknowledge that I have reviewed the attached Agreed Protective Order in the matter of *Mardirossian et al. v. Sears Holdings Management Corporation, et al.*, Case No. 2:12-cv-08161-JAK-SS (C.D. Cal.), and that I will comply with the terms of said Protective Order in all respects. I hereby expressly submit to the jurisdiction of the United States Court for the Central District of California for the purpose of enforcing the Protective Order, including any contempt of Court proceeding.

Date: _____

Signature:_____